UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAKI BROWN,

    Plaintiff,

v.      Case No. 23-C-1623

AMERICAN FOODS GROUP LLC and
GREEN BAY DRESSED BEEF LLC,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR RECUSAL AND TO CHANGE VENUE

Plaintiff Paki Brown, who is representing himself, filed this civil rights lawsuit against his former employer, Defendants American Foods Group LLC and Green Bay Dressed Beef LLC, seeking compensatory and punitive damages. Presently before the court are Brown's motion to compel and Rule 7(h) motion for recusal of the undersigned judge and to change venue. For the following reasons, both motions will be denied.

**A.**     **Motion to Compel**

On December 31, 2024, Brown filed a document captioned "Plaintiff's Response to Defendants' Opposition to Plaintiff's Second Set of Written Discovery." Dkt. No. 79 at 1. Generally, Brown complains that Defendants did not respond but rather objected to certain discovery requests. Brown asserts he is entitled to full and complete responses to his discovery requests. Accordingly, in line with Defendants, the court will construe Brown's filing as a motion to compel brought under Federal Rule of Civil Procedure 37.

A party may file a motion to compel discovery, under Federal Rule of Civil Procedure 37, when another party fails to respond to interrogatories or requests for production of documents. Here, Brown served his second set of discovery requests on Defendants on November 29, 2024. Dkt. No. 90 at 1. Defendants principally objected to responding to Brown's requests because they were untimely. Defendants are correct.

On April 3, 2024, the court ordered that "[a]ll discovery in this case is to be completed no later than November 1, 2024." Dkt. No. 22 at 1. On September 26, 2024, the court extended that deadline to December 2, 2024. Dkt. No. 46 at 1. Civil L. R. 26(c) provides:

> Completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow depositions to be completed, interrogatories and request for admissions to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 33(a)(2), a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." *See also* Fed. R. Civ. P. 34(b)(2)(A) (producing documents). Taking Civil L. R. 26(c) and Federal Rule of Civil Procedure 33(a)(2) together, Brown was required to serve Defendants with his second set of discovery requests at least 30 days before discovery closed on December 2, 2024. The logic behind this requirement is twofold. First, a party should not be forced to respond to discovery requests in a time period shorter than that afforded by the Federal Rules. *Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill. 2006); *see also Sofo v. Pan-Am. Life Ins. Co.*, 13 F.3d 239, 242 (7th Cir. 1994) (holding the district court did not abuse its discretion in prohibiting the plaintiff from obtaining discovery where she waited until nine days before the discovery cutoff to serve the defendant). Second, parties are expected to pursue discovery diligently so as to resolve disputes

efficiently. *See Sofo*, 13 F.3d at 242. Because Brown did not timely serve Defendants with his second set of discovery requests, his motion to compel Defendants to fully respond will be denied.

**B.       Motion for Recusal and for Change of Venue**

On January 6, 2025, Brown filed a Rule 7(h) Expedited Non-Dispositive Motion for Recusal of Presiding Judge and Change of Venue. At the outset, the court notes that Brown has failed to comply with Civil L. R. 7(h). The court has previously admonished Brown for failing to comply with the same rule. *See* Dkt. No. 52 at 2. Civil L. R. 7(h)(2) provides:

> The motion must not exceed 3 pages excluding any caption and signature block. The movant may *not* file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to the facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages.

(emphasis added). Brown's Rule 7(h) motion is less than three pages and therefore compliant. Dkt. No. 83. But he also filed a two-page "Memorandum of Law" in support of his motion. Dkt. No. 84. This is in plain contravention of the Local Rule. Because Brown has been previously warned that he must comply with the requirements of Civil L. R. 7(h), his noncompliance here is in itself a sufficient ground to deny his motion. General L. R. 83(f) ("The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule."). Though Brown is representing himself, he is expected to fully comply with the Federal Rules of Civil Procedure and this court's Local Rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("However, it is also well established that pro se litigants are not excused from compliance with procedural rules.").

That said, the court will deny Brown's motion on the merits. Brown asserts that the undersigned judge should recuse himself pursuant to 28 U.S.C. § 455. Section 455 requires a judge to recuse himself when he is presiding over the case "in which his impartiality might

3

reasonably be questioned." 28 U.S.C. § 455(a); *see also Liteky v. United States*, 510 U.S. 540, 552 (1994) ("As we have described, § 455(a) expands the protection of § 455(b), but duplicates some of its protection as well."). Under 28 U.S.C. § 455(b)(1), a federal judge must disqualify himself from a proceeding "[w]here he has a personal bias or prejudice concerning a party." "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. And "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge." *Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky*, 510 U.S. at 555). "The disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." *United States v. Balistieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

Here, Brown cites to comments I made during a motion hearing held on January 2, 2025, concerning the law offices of Defendants' counsel, the Law Firm of Conway, Olejniczak & Jerry, S.C. (COJ). *See* Dkt. No. 81. Specifically, Brown argues that my remarks that I had been in COJ's offices in the past and considered them to be a "pleasant place," not a "dungeon," and that I was confident Brown was "treated respectfully" reflect "serious concerns regarding [my] impartiality and ability to preside over this matter." Dkt. No. 83 at 1. I have no bias or prejudice concerning Brown and the evidence he presents would not lead a reasonable person to conclude as much. My remarks reflect a surface-level familiarity with Defendants' counsel. But they do not reflect "personal animosity or malice" towards Brown. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)). What is more, the system Brown seems to imagine—one where a presiding judge has little to no familiarity with the

4

legal community of which he is a part—is functionally impossible. For these reasons, Brown's motion for recusal will be denied.

Brown's motion to change venue will also be denied. Brown brings his motion under 28 U.S.C. § 1404(a) which provides that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" when doing so is "[f]or the convenience of the parties" or "in the interest of justice." For starters, Brown's request is nothing more than a veiled attempt to proceed before a different judge. In essence, it is a back-up plan to his motion for recusal. Transferring this case to Milwaukee would not be more convenient nor promote justice. All parties reside in Green Bay, the events giving rise to this action occurred in Green Bay, and, with the exception of Brown's deposition which is scheduled to take place in the Jefferson Court in Green Bay, discovery is complete. Accordingly, transferring this case would only serve to increase litigation costs, waste scarce judicial resources, and potentially further delay this case. Brown's motion to change venue will therefore be denied.

For the above reasons, Brown's motion to compel (Dkt. No. 79) is **DENIED**. Brown's motion for recusal and to change venue (Dkt. No. 83) is likewise **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of February, 2025.

_____
William C. Griesbach
United States District Judge