UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAKI BROWN,

    Plaintiff,

 v.            Case No. 23-C-1623

AMERICAN FOODS GROUP LLC and
GREEN BAY DRESSED BEEF LLC,

    Defendants.

## DECISION AND ORDER

    Plaintiff Paki Brown, who is acting as his own lawyer, brought this action against his former employers, Defendants American Foods Group LLC and Green Bay Dressed Beef LLC, alleging national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. This matter comes before the court on the parties' cross-motions for summary judgment and Defendants' motion to dismiss. For the following reasons, Defendants' motion for summary judgment will be granted, Plaintiff's motion for summary judgment will be denied, and the case will be dismissed.

## PRELIMINARY MATTERS

    Plaintiff filed a motion for summary judgment on September 20, 2024. Plaintiff's motion argues the merits of his Title VII claim as well as Occupational Safety and Health Act (OSHA), Wisconsin Fair Employment Act (WFEA), and breach of contract claims. During a motion hearing held on September 26, 2024, Plaintiff voluntarily dismissed his OSHA and WFEA claims, and the court concluded that Plaintiff could not proceed on a breach of contract claim in this court. Since these claims have already been dismissed, the court will not address these arguments.

Defendants filed their motion for summary judgment and motion to dismiss on March 5, 2025. Defendants, as required by the local rules, included a copy of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 in their motion for summary judgment. *See* Dkt. No. 100. On March 25, 2025, Plaintiff responded to the motions, but only with outrage and not with substance. Plaintiff stated:

> I refuse to tolerate the defendant's [sic] relentless harassment tactics and the infuriating permissiveness that enables them. If this is what passes for justice, I reject it outright—I demanded a jury trial to seek truth, not to be further scarred by the defendant's [sic] ceaseless lies and the exhausting burden of countering them.

Dkt. No. 105.

Plaintiff's "response" fails to satisfy the requirements of the local rules' summary judgment procedures. *See* Civil L.R. 56(b)(2)(A)–(B) ("Each party opposing a motion for summary judgment must file within 30 days of service of the motion . . . a memorandum of law [and] a concise response to the moving party's statement of facts . . . ."). His *pro se* status neither affords him the right to ignore the procedural rules governing litigation nor excuses his failure to respond to Defendants' motion. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response."). Because Plaintiff did not respond to Defendants' motion for summary judgment, Defendants' proposed facts are deemed admitted for the purposes of deciding summary judgment. *See* Fed. R. Civ. P. 56(e)(2)–(3). With these considerations in mind, the court turns to the substance of the motions.

## BACKGROUND

Plaintiff was employed by Defendants only during the month of March 2023. During Plaintiff's employment, he was trained by Jose Ortega. Ortega's primary language is Spanish; English is his second language. On March 29, 2023, Plaintiff complained that the language barrier between himself and Ortega affected Plaintiff's ability to perform his job. Plaintiff indicated that, even though Ortega was not speaking Spanish to Plaintiff, Ortega had a "limited English proficiency," making it difficult for Plaintiff to understand Ortega's English and what he was telling Plaintiff. *See* Defs.' Proposed Findings of Fact ¶ 2, Dkt. No. 101. Plaintiff and Ortega met with Ortega's supervisor, Daniel Garcia, to address the matter. After Plaintiff explained his concerns to Garcia, Garcia decided to involve his supervisor, Bryan Robles.

During the meeting with Robles, Plaintiff became aggressive and hostile. After Robles suggested that Plaintiff leave so they could discuss the issue the following day in a calmer manner, Plaintiff pointed his finger in Robles' face and said, "Who do you think you are? You better watch the way you talk to me." Defs.' Proposed Facts Filed in Resp. to Pl.'s Mot. for Summ. J. ¶ 7, Dkt. No. 95. Robles asked Plaintiff to leave, and Plaintiff responded, "Put your fucking hand down and I will fucking leave." *Id.* At that time, Robles determined Plaintiff's actions were inappropriate, and he terminated Plaintiff's employment on March 29, 2023.

## LEGAL STANDARD

Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th

Cir. 2002) (internal quotation marks and citation omitted). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citation omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Plaintiff asserts that Defendants retaliated against him by terminating his employment after he complained about the language barrier between himself and his trainer. Title VII "prohibits retaliation against employees who engage in statutorily protected activity by opposing an unlawful employment practice or participating in the investigation of one." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). "A retaliation claim requires proof that the plaintiff suffered an adverse employment action because of his statutorily protected activity; in other words, the plaintiff must prove that he engaged in protected activity and suffered an adverse employment action, and that there is a causal link between the two." *Id.*

In this case, Plaintiff did not engage in statutorily protected activity. "A retaliation claim requires statutorily protected activity, which generally involves subjective and objective factors: The plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII." *Scheidler v. Indiana*, 914 F.3d 535, 542 (7th Cir. 2019) (internal quotation marks and citation omitted). According to Plaintiff, he was

4

Case 1:23-cv-01623-WCG   Filed 04/18/25   Page 4 of 6   Document 108

terminated for speaking out about discrimination based on his "national origin – primary language." Am. Compl. at 4, Dkt. No. 5. Even if Plaintiff had a sincere, good-faith belief that he opposed an unlawful employment practice, his belief was not objectively reasonable because his comment did not involve discrimination prohibited by Title VII.

Title VII does not expressly identify language as a protected class. *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983) (noting that "[l]anguage, by itself, does not identify members of a suspect class"); *Ortiz v. Amazon.com Servs., LLC*, No. 24-cv-2974, 2025 WL 890107, at *3 (N.D. Ill. Mar. 14, 2025) (noting that Title VII "makes no mention of 'language'" and that "language discrimination *qua* language discrimination isn't a thing"). And while Title VII prohibits discrimination on the basis of national origin, "language and national origin are not interchangeable." *Napreljac v. John Q. Hammons Hotels, Inc.*, 461 F. Supp. 2d 981, 1029 (S.D. Iowa 2006) (citations omitted). Indeed, "treating someone differently based on her language is not the same as national-origin discrimination." *Galbreath v. Help at Home, LLC*, No. 24-cv-1661, 2025 WL 919574, at *8 (N.D. Ill. Mar. 26, 2025). One court in the Northern District of Illinois has suggested that "it is possible to envision a case where a person's inability to speak English gives rise to a broader inference of national-origin discrimination." *Ortiz*, 2025 WL 890107, at *4. It cited, as an example, a case where an employer told its employee, "Speak English. Go back to your own country if you want to speak Spanish. You're in our country." *Id.* (quoting *Brewster v. City of Poughkeepsie*, 447 F. Supp. 2d 342, 351 (S.D.N.Y. 2006)). The court explained that "[t]he nexus between the person's national origin ('your own country') and inability to speak English ('Speak English') didn't require a lot of detective work." *Id.*

But that is not the case here. Defendants did not put any restrictions on Plaintiff's right to speak his primary language (English) or treat Plaintiff differently based on his language. In fact,

5

Plaintiff only communicated with his co-workers in English. Plaintiff's complaint was that he had a difficult time understanding Ortega's English. Defendants' conduct—assigning Ortega to train Plaintiff—did not violate antidiscrimination law. Because Plaintiff did not complain about any unlawful employment practices, he did not engage in protected activity. Plaintiff cannot demonstrate a causal link between his termination and any protected activity. Therefore, Plaintiff's retaliation claim fails, and Defendants are entitled to summary judgment.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 100) is **GRANTED** and Plaintiff's motion for summary judgment (Dkt. No. 42) is **DENIED**. Defendants' motion to dismiss (Dkt. No. 98) is **DENIED as moot**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of April, 2025.

William C. Griesbach
United States District Judge